**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DEREK M. ROMANO,**

                **Plaintiff,**                          **1:12-cv-555**
                                                                    **(GLS)**

          v.

**MICHAEL J. ASTRUE,**
Commissioner of Social
Security,

                **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Drake, Loeb Law Firm | GARY J. GOGERTY, ESQ. |
| 555 Hudson Valley Avenue | |
| Suite 100 | |
| New Windsor, NY 12553 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | VERNON NORWOOD |
| United States Attorney | Special Assistant U.S. Attorney |
| 100 South Clinton Street | |
| Syracuse, NY 13261 | |
| | |
| Steven P. Conte | |
| Regional Chief Counsel | |
| Social Security Administration | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe**
**Chief Judge**

                        **MEMORANDUM-DECISION AND ORDER**

## I. Introduction

Plaintiff Derek M. Romano challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), seeking judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3). (*See* Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering Romano's arguments, the court affirms the Commissioner's decision and dismisses the Complaint.

## II. Background

On August 8 and 14, 2008, Romano filed applications for DIB, SSI and Child's Insurance Benefits (CIB) under the Social Security Act ("the Act"), alleging disability since June 14, 2008. (*See* Tr.[1] at 53-55, 128-43.[2]) After his applications were denied, Romano requested a hearing before an Administrative Law Judge (ALJ), which was held on May 21, 2010. (*See id.* at 28-52, 56-61, 64-65.) On August 27, 2010, the ALJ issued a decision

---

[1] Page references preceded by "Tr." are to the Administrative Transcript. (*See* Dkt. No. 10.)

[2] The ALJ's decision references CIB, while Romano's Complaint refers to DIB and SSI. (*See* Tr. at 15, 31, 128-34; Compl. ¶ 2.) The distinction is ultimately immaterial, however, as the standard of review is the same for all three. *See Shaw v. Comm'n of Soc. Sec.*, No. 7:11-cv-1463, 2013 WL 316616, at *1-2 (N.D.N.Y. Jan. 28, 2013).

2

denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (*See id.* at 1-3, 10-23.)

Romano commenced the present action by filing a Complaint on March 29, 2012, wherein he sought review of the Commissioner's determination. (*See* Compl. ¶¶ 1-7.) The Commissioner filed an answer and a certified copy of the administrative transcript. (*See* Dkt. Nos. 9, 10.) Each party, seeking judgment on the pleadings, filed a brief. (*See* Dkt. Nos. 12, 14.)

## III. **Contentions**

Romano contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence.[3] (*See generally* Dkt. No. 12.) Specifically, Romano claims the ALJ: (1) erred in assessing his credibility; (2) rendered an inaccurate residual functional capacity (RFC) determination; (3) afforded improper weight to the opinion of his treating

---

[3] "Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks and citations omitted).

physician; (4) incorrectly found that he could work without special circumstances; and (5) failed to consult a vocational expert. (*See* Dkt. No. 12 at 6-23.) The Commissioner counters that the ALJ's decision is legally sound and supported by substantial evidence. (*See generally* Dkt. No. 14.)

## IV. Facts

The evidence in this case is undisputed and the court adopts the parties' factual recitations. (*See* Dkt. No. 12 at 5-6; Dkt. No. 14 at 2-10.)

## V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g)[4] is well established and will not be repeated here. For a full discussion of the standard and the five-step process used by the Commissioner in evaluating whether a claimant is disabled under the Act, the court refers the parties to its previous opinion in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion

### A. Credibility Assessment

---

[4] Review under 42 U.S.C. §§ 405(g) and 1383(c)(3) is identical. As such, parallel citations to the Regulations governing SSI are omitted.

Romano first contends that the ALJ's assessment of his credibility was legally flawed and is factually unsupported.  (*See* Dkt. No. 12 at 7-9.) The Commissioner, and the court, disagree.  (*See* Dkt. No. 14 at 19-21.)

Once the ALJ determines that the claimant suffers from a "medically determinable impairment[] that could reasonably be expected to produce the [symptoms] alleged," she "must evaluate the intensity and persistence of those symptoms considering all of the available evidence; and, to the extent that the claimant's [subjective] contentions are not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry."  *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (internal quotation marks and citations omitted).  In performing this analysis, the ALJ "must consider the entire case record and give specific reasons for the weight given to the [claimant's] statements."  SSR 96-7p, 1996 WL 374186, at *4 (July 2, 1996).  Specifically, in addition to the objective medical evidence, the ALJ must consider the following factors: "1) daily activities; 2) location, duration, frequency and intensity of any symptoms; 3) precipitating and aggravating factors; 4) type, dosage, effectiveness, and side effects of any medications taken; 5) other treatment received; and 6) other measures taken to relieve symptoms."  *F.S. v. Astrue*, No. 1:10-CV-

444, 2012 WL 514944, at *19 (N.D.N.Y. Feb. 15, 2012) (citing 20 C.F.R. §§ 404.1529(c)(3)(I)-(vi), 416.929(c)(3)(I)-(vi)).

Here, the ALJ found that Romano's subjective complaints were not credible to the extent that they were inconsistent with her RFC determination. (*See* Tr. at 21.) In finding as much, the ALJ provided a thorough explanation of the objective medical evidence that belied Romano's complaints. (*See id.* at 17-19, 21-22.) Additionally, the ALJ noted that Romano is "fully independent in all aspects of his self-care, including showering, grooming and dressing." (*Id.* at 21.) Furthermore, he is capable of, among other things, driving a car, cooking for himself and managing his own finances, though he does not always do the latter perfectly.[5] (*See id.* at 21, 33, 44-45.) Romano is also able to socialize with friends and family members, go to the movies, play video games and "surf the web." (*Id.* at 21, 43-45.) Collectively, this evidence not only demonstrates that Romano's claim that the ALJ "provides no rationale for her determination" is untrue, (Dkt. No. 12 at 9), but also, more importantly,

---

   [5] Though Romano now claims that he cannot manage his money without assistance as a result of his impairment, (*see* Dkt. No. 12 at 16), he testified that in actuality, he only requires assistance because he "usually spend[s] it on the wrong stuff," (Tr. at 47).

6

that she weighed the appropriate factors in assessing his credibility, *see Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999). As such, the ALJ's credibility assessment is conclusive.

## B.  RFC Determination

Next, Romano avers that the ALJ's RFC assessment is flawed and unsupported by substantial evidence. (*See* Dkt. No. 12 at 9-13.) The Commissioner counters that the RFC assessment is correct in all respects. (*See* Dkt. No. 14 at 13-19.) The court agrees with the Commissioner.

A claimant's RFC "is the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain. *Id.* § 404.1545(a)(3). An ALJ's RFC determination must be supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g). If it is, that determination is conclusive and must be affirmed upon judicial review. *See id.*; *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

Here, the ALJ found that Romano could "perform a full range of work at all exertional levels but with the following nonexertional limitations: a limitation to work that is comprised of simple, rote tasks; as would generally

7

be associated with unskilled jobs." (Tr. at 20.) First, the court discerns no material challenge to the physical RFC determination. (*See* Dkt. No. 12 at 9-13.) Notwithstanding Romano's assertion that the ALJ improperly relied on the state agency disability analyst's opinion, (*see id.* at 12), the ALJ's opinion makes no mention of it whatsoever, (*see* Tr. at 15-23). Moreover, none of the opinions of record place any restrictions on Romano's physical abilities. (*See, e.g., id.* at 15-23, 312-15; Dkt. No. 12 at 11); *see also Dumas v. Schweiker*, 712 F.2d 1545, 1553 (2d Cir. 1983) ("The Secretary is entitled to rely not only on what the record says, but also on what it does not say."). Thus, the ALJ's physical RFC is affirmed.

With respect to Romano's mental RFC, the ALJ relied on the opinions of Drs. Brett T. Hartman, Alex Gindes and W. Skranovski. (*See* Tr. at 20; Dkt. No. 14 at 15-17.) For example, Dr. Gindes opined that although Romano had "cognitive problems," they were not "significant enough to interfere with [his] ability to function on a daily basis." (Tr. at 316-19.) Similarly, Dr. Skranovski found that Romano "is able to memorize and carry out simple tasks, interact socially in a work setting and adapt to changes." (*Id.* at 344.) More specifically, he concluded that Romano had at most moderate limitations in a few areas, but, by and large, showed no

8

significant limitations or no evidence of a limitation in the majority of the areas on the mental RFC assessment.  (*See id.* at 342-44.)  Finally, Dr. Hartman concluded that Romano could "follow and understand simple directions and instructions[;] . . . perform a variety of simple and rote tasks[;] . . . has mild attention and concentration problems[; and] . . . has a fair ability to maintain a regular schedule, . . . learn new tasks, and . . . perform complex tasks independently."  (*Id.* at 302-06.)  As all of these opinions are at least consistent, if not less restrictive, then the ALJ's RFC determination, (*compare* Tr. at 20, *with* Tr. at 302-06, 316-19, 342-44), the court rejects Romano's argument that the mental RFC is unsupported by substantial evidence.

## C.     Treating Physician Rule

Romano's contention that the ALJ gave improper weight to the opinion of his treating physician, Dr. Francis Mayle III, is meritless.  (*See* Dkt. No. 12 at 13-16.)  A treating physician's opinion is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and consistent "with the other substantial evidence."  20 C.F.R. § 404.1527(c)(2); *see Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004).  Here, Dr. Mayle's April 2010

9

assessment—the principal evidence Romano relies on in support of his disability argument, (*see* Dkt. No. 12 at 10-11, 13-16, 21)—is not only inconsistent with the opinions discussed above, which were rendered by specialists,[6] but is also irreconcilable with his earlier opinion of Romano's limitations, (*compare* Tr. at 274-76, *with* Tr. at 474-75). *See* 20 C.F.R. § 404.1527(c)(5) (stating that generally more weight is given "to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist"). Indeed, when asked to clarify his 2010 opinion, Dr. Mayle did not reply. (*See* Tr. at 22, 198.) As such, the court discerns no error in the weight afforded to Dr. Mayle's opinion.

**D. Ability to Work**

Romano's fourth argument is essentially that he cannot work. (*See* Dkt. No. 12 at 16-18.) However, the evidence discussed above belies this argument. In addition, Romano admits that he has successfully maintained employment with and without the assistance of a job coach, (*see* Tr. at 34-40, 41-43), which is corroborated by the records from the Office of

---

[6] Romano states that he has treated with Dr. Mayle since birth "for all intents and purposes." (Dkt. No. 12 at 15.)

10

Vocational and Educational Services for Individuals with Disabilities, (*see id.* at 364-469). Although Romano attributes his difficulties maintaining employment to his inability to concentrate, the record illustrates that his troubles actually stem from "a disregard for working." (*Id.* at 21.) As the ALJ noted, Romano has been disciplined for: collecting his paycheck and then calling out of work an hour later; punching in and immediately taking a lunch break; and insubordination. (*See id.* at 21, 470-73.) Thus, Romano's argument that he is unable to work is, simply put, unpersuasive.

### E.     Step Five Determination

Finally, Romano argues that the ALJ's flawed RFC and credibility findings factually undermine her step five determination, and that, as a result, she erred by relying solely on the Medical-Vocational Guidelines and failing to consult a vocational expert. (*See* Dkt. No. 12 at 18-23.) As discussed above, however, the ALJ's determinations in each of these disputed areas is sound and supported by substantial evidence. Thus, it was unnecessary to consult a vocational expert because the ALJ found that Romano's nonexertional limitations "ha[d] little or no effect on the

occupational base of unskilled work."[7] (Tr. at 22-23.)

## F.Remaining Findings and Conclusions

After careful review of the record, the court affirms the remainder of the ALJ's decision as it is supported by substantial evidence.

## VII.Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Romano's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 6, 2013
Albany, New York

*Gary L. Sharpe*
Chief Judge
U.S. District Court

---

[7] Reliance on the Medical-Vocation Guidelines is improper "when a claimant's nonexertional impairments significantly diminish his ability to work—over and above any incapacity caused solely from exertional limitations—so that he is unable to perform the full range of employment indicated by the" guidelines. *Bapp v. Bowen*, 802 F.2d 601, 603 (2d Cir. 1986). Instead, where nonexertional impairments significantly diminish a claimant's ability to work, "the Secretary must introduce the testimony of a vocational expert (or other similar evidence) that jobs exist in the economy which claimant can obtain and perform." *Id*.